## C., N. O. & T. P. Ry. Co. v. Calhoun.

(Decided May 25, 1923.)

### Appeal from McCreary Circuit Court.

1. **Master and Servant—Use by Section Hand of Additional Leverage to Throw Greater Weight of Hand Car on to Fellow Servant Sufficient to Support Finding of Negligence.**—Where six members of a section crew were lifting a hand car loaded with tools, it cannot be said that the use of a lining bar by one of them which gave a greater leverage was in and of its negligence, but the added leverage given him may have been so used as to amount to negligence, and undisputed evidence that by the use of such bar he lifted his corner of the car higher and threw an undue proportion of the weight is sufficient to support a verdict finding negligence on his part.

2. **Master and Servant—Section Hand Assisting in Lifting Hand Car Held Not on Equal Footing with Fellow Servant.**—Plaintiff, who was assisting five other members of a section crew to lift a hand car, and who was at the forward end of the car facing ahead so that he could not see what the others were doing, does not stand on an equal footing with his fellow servants at the rear end of the car, and therefore can recover from the master, under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), for the negligence of one of them in so lifting the car as to throw an undue proportion of the weight on to plaintiff thereby injuring him.

3. **Master and Servant—Master Liable for Unexpected Act of Servant Preventing Fellow Servant from Protecting Himself.**—Where a fellow workman without due care for the safety of others does some unexpected act which prevents another servant from pro-

tecting himself and which results in injury to the latter, the master is liable under the Federal Employers' Liability Act (U. S. Comp. St., sections 8675-8665.)

4.  Damages—$600.00 for Rupture Suffered While Lifting Hand Car Held Not Excessive.—Where the evidence of plaintiff and his doctor showed that he received a rupture as result of the negligence of a fellow servant, while he was lifting a hand car, and that his injuries were painful and possibly permanent, a verdict for $600.00 was not excessive.

TYE & SILER, EDW. COLSTON and GEO. HOADLY for appellant.

DENTON & PERKINS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellee was a member of a section crew working on appellant's road south of Stearns, in McCreary county.

The petition alleges that while so at work he was directed, together with others, by the section foreman to assist in moving a hand car loaded with tools, and he alleges that while so assisting, in accordance with such direction, in moving the hand car from a side track to the main track of defendant's road, by reason of the carelessness and negligence of defendant's servants and agents engaged in moving said car, and by reason of the fact that defendant failed to furnish a sufficient force of hands to move the car in reasonable safety to the employes engaged therein, the weight upon said car was thrown upon him, by reason of which he was crippled, injured and ruptured in his bowels, intestines, scrotum and privates, from which injuries he suffered great pain and agony of body and mind and was permanently injured, for which he prayed judgment in damages.

The action was under the federal employers' liability act, it being alleged that the parties were at the time engaged in interstate commerce.

The answer was a traverse, and likewise in separate paragraphs pleaded contributory negligence and assumed risk.  The trial court declined to submit to the jury the question whether the company had failed to furnish a sufficient force of hands with which to move the hand car, but submitted the question of negligence by the servants and agents of appellant while removing the hand car; and the jury returned a verdict for the plaintiff for six hundred dollars.

The instructions are not complained of, and the only ground for reversal urged is that defendant was entitled to a directed verdict.

The uncontradicted evidence is that the foreman, who was some distance away, directed the men to remove the hand car from the side track to the main track and that six of them, including appellee, undertook to do so; that there were a number of tools on the hand car which added to its weight; that appellee took hold of the hand car with his hands on the west side and at the north end, with his face to the north; that all of the other six men, except one, took hold of the same with their hands, and that the man at the south end on the east side, diagonally across the car from appellee, used at his end a lining bar about four and one-half or five feet long by inserting the same under his end of the hand car, and that when he raised that bar it was done in such a way as to throw the weight or a great part of the weight on to appellee's end of the hand car; and that appellee had his back turned at the time to the man using the lining bar and did not at the time see him using it; that the use of the lining bar gave to the man using it more leverage and the same was so inserted under the car as to give him two hand holds on the lining bar, and that this leverage enabled him to tip or throw the weight of the car on to appellee's end, or a large part of it.

The evidence is wholly uncontradicted and is the basis of the verdict in this case.

It cannot be said that the use of the lining bar or other instrument in attempting to lift a hand car or other heavy object, while others assisting therein are only using their hands, is in and of itself negligence; but such instrument, which gives to the one using it a leaverage or physical power which he knows the others have not at the time, may be used in such a manner as to amount to negligence. This evidence justifies the inference that the man using the lining bar was negligent in not recognizing the fact that his increased leverage and power because of its use might and would throw and cast upon some of his fellow workmen an undue or disproportionate share of the weight, if he negligently used the increased leverage and power so given to him.

The evidence is undisputed that immediately thereafter appellee complained of being strained and injured, and told the man who had used the lining bar that he

could have lifted as much as he did if he had had a fair deal. If further shows that appellee did not go to work, and was unable to do so for eight or ten months thereafter, and even at the time of the trial, a long time after the injury, he still suffered from the results thereof.

It is true six men were co-operating with each other in the moving of the hand car, but they were not co-operating upon an equal footing. In the case of Pruitt v. Norfolk & Western Railway Company, 188 Ky. 204, relied upon by appellant, the workmen were co-operating with each other in the placing of a tie under the tracks; some were pushing and others were pulling, but they were all in plain view of each other and all jointly engaged on an equal footing in the placing of the tie. Here appellee's back was to the man handling the lining bar, and at the time he did not know of its use, and it is apparent from all the evidence that because of some unusual or unwarranted use of the power given him by the use of the lining bar, he was guilty of negligence in throwing an undue proportion of the weight on to the appellee's side.

The Pruitt case relied on plainly holds that where a fellow workman without due care for the safety of others does some unexpected thing which prevents the other from protecting himself and which results in his injury, the master is liable.

The injuries, as shown by the evidence of appellee and his doctor, were painful and possibly permanent, and there can be no complaint of the size of the verdict.

That the workmen were at the time engaged in interstate commerce is not seriously questioned.

Judgment affirmed.